# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| XIANGYUAN ZHU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1408 (RMC) |
| | ) | |
| ALBERTO GONZALES,[1] *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Xiangyuan Zhu, proceeding *pro se* in this Court, brings the present action

against Alberto Gonzales, in his official capacity as Attorney General of the United States, as well

as various defendants from the State of Kansas.[2] Ms. Zhu alleges violations of the Civil Rights Act

of 1964, 42 U.S.C. § 2000a to 2000a-2; 42 U.S.C. §§ 1981-82; 42 U.S.C. §§ 1985-86; and the Fair

Housing Act, 42 U.S.C. §§ 3601-19, 3631. These claims are based on circumstances surrounding

her purchase of a home in Topeka, Kansas. Ms. Zhu filed her original complaint on August 18,

2004, and she amended the complaint on November 17, 2004. The Defendants now seek to dismiss

the amended complaint pursuant to Federal Rules of Civil Procedure 8(a) and various sections of

---

[1] Former Attorney General John Ashcroft was sued in his official capacity and the Attorney General Alberto Gonzales has been substituted as the defendant.

[2] Specifically, Ms. Zhu is suing the State of Kansas; Phill Kline, Kansas Attorney General; the Kansas Commission on Judicial Qualifications; G. Joseph Pierron, Jr., S. J. Wahl, and Carol Beier, Kansas Court of Appeals Judges; Robert D. Hecht, Kansas Shawnee County District Attorney; Franklin R. Theis, Kansas District Court Judge; Marlene Percefull, Kansas District Court Reporter; County of Shawnee, Kansas; Ted Ensley, Vic Miller, and Marice Kane of the Kansas Shawnee County Commission; and the City of Topeka, Kansas. The Court will collectively refer to this group as the "Kansas Defendants."

Rule 12(b).  Because the federal government has not waived its sovereign immunity,[3] the Court is

without jurisdiction to consider Ms. Zhu's claims against the Attorney General and her amended

complaint will be dismissed with respect to that defendant.  The Court will also dismiss Ms. Zhu's

claims against the Kansas Defendants for lack of personal jurisdiction and improper venue.[4]

## I.  BACKGROUND

The facts of this case also form the basis for a related case, Civil Action No. 04-1216

(RMC), that Ms. Zhu filed with this Court on July 19, 2004.[5]  Ms. Zhu, a United States citizen of

Chinese descent who lives in Topeka, Kansas, is a single mother who received her Ph.D. from the

University of Oklahoma in May 1997 and began to work as a financial analyst with the Federal

Home Loan Bank of Topeka in December 1997.  Am. Compl. ¶ 44.  She alleges that she purchased

a house in Topeka in June 1998, due to pressure from realtor Marc E. Bunting of Countrywide

Realty, Inc. ("Countrywide").  Plaintiff's Opposition to Federal Defendants' Motion to Dismiss

---

[3] On January 18, 2005, Ms. Zhu filed a motion to withdraw the individual defendants because they are being sued in their official capacities [Dkt. #14].  The Court hereby denies this motion as moot, but it is important to note that these officials would have been immune from personal liability for Ms. Zhu's claims.

[4] Ms. Zhu moved this Court for leave to file a second amended complaint on February 17, 2006 [Dkt. #22], which the Court denied in a Minute Entry Order on April 7, 2006.  Not satisfied with the Court's decision, Ms. Zhu filed a second motion for leave to file a second amended complaint on April 26, 2006 [Dkt. #26].  The Court hereby denies the most recent motion as moot, given the Court's decision to dismiss the first amended complaint.  Ms Zhu is instructed that she should appeal the decisions of this Court in order to continue pursuit of her claims.

[5] In Civil Action No. 04-1216 (RMC), Ms. Zhu named U.S. Magistrate Judge James P. O'Hara, U.S. District Court Judge Kathryn H. Vratil, Tenth Judicial Circuit Judges Robert H. Henry, Mary Beck Briscoe, and Stephanie K. Seymour, and Attorney General John Ashcroft as parties, in addition to the Judicial Council of the Tenth Circuit.  *See Xiangyuan Zhu v. United States of America, et al.*, Civ. Action No. 04-1216 (RMC), 2005 WL 1378914 (D.D.C. June 9, 2005).  The claims are identical in both cases, although the parties are slightly different.  The amended complaint in Civil Action No. 04-1216 (RMC) was also dismissed.

("Pl.'s Opp.") at 2.  Because repairs were needed, Mr. Bunting retained a copy of the key to the house after closing and allegedly demanded sexual favors from Ms. Zhu from November 1998 through June 1999. *Id.* at 3.  Ms. Zhu says that after she complained to his employer, Mr. Bunting threatened her with a restraining order and threatened to have her fired from her job. *Id.*  Mr. Bunting is alleged to have sexually assaulted Ms. Zhu on June 30, 1999. *Id.* at 4.  Ms. Zhu states that she filed a written complaint against Mr. Bunting with Countrywide on July 1, 1999, and requested that the repairs to the house be completed. *Id.*  She reported the alleged rape to the Shawnee County Sheriff's Department on July 2, 1999. *Id.*

On April 28, 2000, Ms. Zhu filed a complaint alleging discriminatory housing practices with the U.S. Department of Housing and Urban Development. *Id.*  Two weeks later, on May 12, 2000, Ms. Zhu received a certified letter from an attorney representing Mr. Bunting, threatening criminal proceedings against her. *Id.* at 4-5.  On May 19, 2000, Mr. Bunting filed a petition for a permanent restraining order in a Kansas state court, accusing Ms. Zhu of trespass. *Id.* at 6.  Ms. Zhu responded in June 2000 by suing Mr. Bunting, as well as his lawyer and the law firm, in Division 7 of the Third Judicial Court of Kansas.[6] *Id.* at 5.  Judge Franklin R. Theis,[7] a defendant

---

[6] Also, on June 29, 2000, Ms. Zhu filed a *pro se* housing discrimination suit in the U.S. District Court for the District of Kansas. *Zhu v. Countrywide Realty Co.*, 165 F. Supp. 2d 1181, 1199 (D. Kan. 2001).  Judge Vratil, a defendant in the related case, presided over this matter.  In August 2001, Judge Vratil referred Ms. Zhu's housing discrimination complaint to Magistrate Judge O'Hara, also a defendant in the related case, for mediation and settlement.  Both Judge Vratil and Magistrate Judge O'Hara addressed the validity of Mr. Bunting's claims against Ms. Zhu.  *See Xiangyuan Zhu v. United States of America, et al.*, Civ. Action No. 04-1216 (RMC), 2005 WL 1378914, at *1-2 (D.D.C. June 9, 2005).  Neither Judge Vratil nor Magistrate Judge O'Hara are defendants in the present action.

[7] Defendant Marlene Percefull was the court reporter for the proceedings before Judge Theis. Am. Compl. ¶¶ 30, 71.

in this action, granted Mr. Bunting's request for a permanent restraining order on April 2, 2001. *Id.* at 6; Am. Compl. ¶¶ 60-61. Under the terms of the restraining order, Ms. Zhu was not allowed to be within 500 feet of Mr. Bunting "wherever he may be found, except as any litigation or alternative dispute resolution proceedings require their joint attendance." Pl.'s Opp. at 6-7.

Ms. Zhu appealed the grant of the permanent restraining order to the Kansas Court of Appeals, where Defendants Judge G. Joseph Pierron, Jr., Judge S. J. Wahl, and Judge Carol A. Beier presided. Am. Compl. ¶ 84. The Court of Appeals affirmed Judge Theis's decision, resulting in Ms. Zhu's claim that the appellate judges treated her "adversely and different than the white and male litigants" and that the judges "should have prevented commission of wrongs conspired [and] done in the court below." Am. Compl. ¶ 85.

Dissatisfied with the decisions of the Kansas judges, Ms. Zhu filed claims against them with the Kansas Commission on Judicial Qualifications ("Commission"), also a defendant in this case. Am. Compl. ¶ 90. Ms. Zhu claims that the Commission "repeatedly dismissed [her] valid complaints of judicial misconducts [sic] against the named state court judge defendants." Am. Compl. ¶ 90. She also filed complaints against the judges with the State of Kansas, through its governor at the time Bill Graves, with the Shawnee County Commission, through Commissioners Ted Ensley, Vic Miller, and Marice Kane, and with the City of Topeka, through its mayor, but no action was taken by any of these entities. Am. Compl. ¶ 91-93.

In response to complaints about the judges filed with Robert D. Hecht, Shawnee County District Attorney, Mr. Hecht informed Ms. Zhu that his office "will not be pursuing charges." Am. Compl. ¶ 94. And Kansas Attorney General Phill Kline notified Ms Zhu that "the Office of the Attorney General does not take civil rights complaints" and that it "represents the interests of the

State of Kansas and its public officials."  Am. Compl. ¶ 95.

Finally, the U.S. Attorney General was named as a defendant because he "owed Ms. Zhu a duty to prevent or to aid in preventing commission of wrongs conspired [and] done stated in this Amended Complaint which he had knowledge and had power to prevent."  Am. Compl. ¶ 97. Ms. Zhu asserts that the Attorney General and the Department of Justice failed to pursue her criminal civil rights claims against the state court judges.  Am. Compl. ¶ 96.

## II.  LEGAL STANDARDS

The Defendants seek to dismiss Ms. Zhu's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6).  The Court will address the legal standards for each provision separately.[8]

Federal Rule of Civil Procedure 8(a) requires pleadings to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Ms. Zhu bears the burden of proving by a preponderance of the evidence that the Court possesses jurisdiction over the subject

---

[8] The defendants from the State of Kansas filed a motion to dismiss separately from the federal government defendant.  The Kansas Defendants assert that dismissal is proper under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(5).  The Attorney General argues that dismissal is also proper under Rules 8(a), 12(b)(1), and 12(b)(6).

matter of her claims.  *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002).  In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  These allegations, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE 2D, § 1350).  The Court may consider information outside of the pleadings to determine its jurisdiction.  *Lipsman v. Sec'y of Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

"On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant."  *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)).  Additionally, "[t]he plaintiff must allege specific acts connecting the defendant with the forum."  *Id.* (citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)).  A plaintiff cannot merely make unsupported allegations or conclusory statements.  *Id.*  The court should resolve all factual discrepancies in the record in favor of the plaintiff, *id.* (citing *Crane*, 894 F.2d at 456), but it need not treat all of the plaintiff's allegations as true, *id.* (citing *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)).  Instead, the court "'may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts.'"  *Id.* (quoting *Philip Morris*, 116 F. Supp. 2d at 120 n.4).

To prevail on a motion to dismiss for improper venue, pursuant to Federal Rule of

Civil Procedure 12(b)(3), the defendant must present facts that will defeat the plaintiff's assertion of venue. *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (citing 5A WRIGHT & MILLER, FED. PRAC. & PROC. 2d § 1352). The Court accepts "plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual disputes in plaintiff's favor. The Court, however, need not accept plaintiff's legal conclusions as true." *El v. Belden*, 360 F. Supp. 2d 90, 92 (D.D.C. 2004) (citing *Darby v. U.S. Dep't of Energy*, 231 F. Supp.2d 274, 276-77 (D.D.C. 2002)).

With respect to dismissal for insufficiency of process or insufficiency of service of process, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), "[i]f the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint under Rule 12(b)(4) and/or (5). Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[T]he complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged. However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.

Cir. 1994) (citations omitted).  A motion to dismiss under Rule 12(b)(6) "does not test whether the plaintiffs will prevail on the merits, but instead whether the claimants have properly stated a claim." *Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999).  In deciding a Rule 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt*, 226 F. Supp. 2d at 196 (citation omitted).

### III.  ANALYSIS

#### A.  Attorney General

The Attorney General asserts that Ms. Zhu's amended complaint does not meet the pleading requirements of Rule 8(a).  "Much of the language is difficult to understand.  She makes generalized accusations against the Attorney General . . . without providing any specific factual information to support those allegations."  Def's Mot. Dismiss at 6.  Despite the confusing nature of Ms. Zhu's amended complaint, the Court does not find it insufficient to provide the defendants with notice of her claims.  *See Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) ("The guiding purpose of Rule 8(a) is to ensure that the adverse party has fair notice of the pleader's claims so as to provide the adverse party the opportunity to file a responsive answer and to prepare an adequate defense.").  Additionally, because Ms. Zhu is proceeding *pro se*, the Court will not dismiss her amended complaint for failure to satisfy the minimum pleading requirements of Rule 8(a).  *See id.* at 21(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) ("[T]he federal rules afford a plaintiff, and particularly one with *pro se* status, broad discretion in framing his claims for relief.").

However, the government is correct that it can only be sued to the extent that it gives permission; therefore, any plaintiff suing the federal government must demonstrate an express waiver

of the government's sovereign immunity. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022 (D.C. Cir. March 28, 2006). Furthermore, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (holding that a waiver will not be implied). Not finding any applicable waiver of sovereign immunity for Ms. Zhu's lawsuit, the Court must dismiss her amended complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).[9]

Moreover, the civil rights statutes cited by Ms. Zhu provide no better result in giving this Court jurisdiction over her claims against the Attorney General. For example, 42 U.S.C. §§ 1981, 1982, 1985 and 1986 "by their terms, do not apply to actions against the United States." *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987); *see also United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established . . . that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); *Biase v. Kaplan*, 852 F. Supp. 268, 280 (D.N.J. 1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal agency."). Similarly, the Fair Housing Act does not waive sovereign immunity to permit suits against the federal government. *Boyd v. Browner*, 897 F. Supp. 590, 595 (D.D.C. 1995) ("[The Fair Housing Act does not 'unambiguously waive' the government's sovereign

---

[9] Ms. Zhu also relies on 28 U.S.C. § 1343 as a source of this Court's subject matter jurisdiction over her claims. In this section, one finds a grant of jurisdiction to the District Courts for cases alleging civil rights violations. That jurisdictional grant, however, does not constitute a waiver of the federal government's sovereign immunity. *See Byrd v. Smith*, 693 F. Supp. 1199, 1201 (D.D.C. 1986) (rejecting the argument that 28 U.S.C. § 1343 constituted a waiver by the federal government of its sovereign immunity).

immunity defense."). Additionally, 42 U.S.C. §§ 2000a to 2000a-2, sections of the Civil Rights Act of 1964 that address discrimination in public accommodations, also do not explicitly state that the federal government has waived its sovereign immunity. Thus, none of these statutes allows Ms. Zhu's suit against the Attorney General.

### B.  Kansas Defendants

Ms. Zhu bears the burden of presenting facts to establish that this Court has personal jurisdiction over the Kansas Defendants. However, she has not presented any facts to show that the Kansas Defendants have sufficient contacts with the District of Columbia to support the exercise of personal jurisdiction over those defendants by this Court. "To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Under the facts of this case, this Court does not have jurisdiction to address Ms. Zhu's claims against the Kansas Defendants. To begin with, the facts underlying her claims occurred in Kansas, not in the District of Columbia. The D.C. long-arm statute provides that personal jurisdiction exists over a person as to a claim for relief arising from the person's

> (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. CODE § 13-423(a); *see also GTE New Media Servs.*, 199 F.3d at 1347.  Subsection (b) qualifies

the reach of the statute by noting that "[w]hen jurisdiction over a person is based solely upon this

section, only a claim for relief arising from acts enumerated in this section may be asserted against

him."  D.C. CODE § 13-423(b).  Ms. Zhu has failed to plead any facts to support the exercise personal

jurisdiction under the D.C. long-arm statute.  Her amended complaint only alleges actions by the

Kansas Defendants that took place in Kansas.  At no point does she allege that any of the Kansas

Defendants transacted any business, contracted to supply services, or caused tortious injury in the

District of Columbia.[10]

Venue is also improper in this Court.  Ms. Zhu is a resident of the State of Kansas,

and all of the Kansas Defendants are state officials or governmental entities in that state.  Ms. Zhu

makes no allegations of misconduct by the Kansas Defendants in D.C.  According to 28 U.S.C. §

1391, Ms. Zhu could only bring her action in this Court under one of the following circumstances:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

---

[10] Ms. Zhu's amended complaint is also subject to dismissal because it does not meet the constitutional requirements of due process.  The Due Process Clause of the Fifth Amendment to the U.S. Constitution requires the plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002).  These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws."  *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1988).  In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."  *GTE New Media Servs.*, 199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  Again, Ms. Zhu has failed to plead any facts to support the existence of minimum contacts of the Kansas Defendants with D.C.; therefore, this Court is barred by due process considerations from exercising personal jurisdiction over the Kansas Defendants.

-11-

of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). It is clear from her amended complaint that Ms. Zhu is a resident of Kansas, as are all of the defendants, other than the Attorney General. Based on subsection (2), it is clear that Ms. Zhu should have brought her claims in Kansas, where the events forming the basis of her amended complaint took place. The Court will dismiss the amended complaint for improper venue, pursuant to Rule 12(b)(3).

The Kansas Defendants also seek to dismiss Ms. Zhu's amended complaint for insufficiency of process and/or insufficiency of service of process. Citing Federal Rule of Civil Procedure 4(j)(2), the Kansas Defendants assert that Ms. Zhu mailed the summons rather than delivering them to the proper entity and that she failed to address the summons to the chief executive officer of the governmental entities sued. The Kansas Defendants also argue that service of process was insufficient under Kansas law, citing Kan. Stat. Ann. § 60-304(d). The Court notes that although Ms. Zhu did not follow the exact procedures for service of process under either state or federal law, the Kansas Defendants did receive notice of this lawsuit. Since there are other bases upon which the Court dismisses Ms. Zhu's amended complaint, the Court does not deem it necessary to decide whether Ms. Zhu, as a *pro se* litigant, properly complied with the service rules.

## IV.  CONCLUSION

Ms. Zhu's amended complaint will be dismissed pursuant to Federal Rule Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). The Court has neither subject matter jurisdiction over the claims nor personal jurisdiction over the Kansas Defendants. Venue is improper in this District with respect to the Kansas Defendants, and Ms. Zhu has failed to state a claim upon

which relief can be granted since the federal government has not waived its sovereign immunity.

A separate order accompanies this memorandum opinion.


Date: May 8, 2006                               _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge